**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR377** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **JONATHAN M. BALES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the parties' objections thereto (Filing Nos. 124, 125, 128).[1] The Defendant also filed a motion for variance (Filing No. 126). See "Order on Sentencing Schedule," ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

**I.    Defendant's Objections**

   **A.    Drug Quantity**

The Defendant objects to ¶¶ 20 (underlying factual basis for drug quantity), 21 (no identifiable victims), and 29 (application of the safety valve) of the PSR, assuming that these objections all relate only to drug quantity. The Court assumes that the Defendant intended to object to ¶ 27 and the underlying factual basis regarding drug quantity. The plea agreement recommends that the Defendant be held accountable for at least 100 but less than 200 marijuana plants. Note E to the drug quantity table in U.S.S.G. § 2D1.1 states that each marijuana plant is equivalent to 100 grams of marijuana, unless the plant

---

[1] The government filed objections and supplemental objections. (Filing Nos. 124, 128.)

is heavier. If the plant is heavier, the actual weight should be used. The Court's tentative findings are that, absent unusual circumstances, the plea agreement should be upheld and the base offense level will be calculated as 16 based on at least 10 but less than 20 kilograms marijuana.

### B. Lack of Minor Role

The Defendant objects to ¶ 32 (lack of upward adjustment for obstruction of justice). However, it appears from the context of the objection that the Defendant meant to object to ¶ 30. The issue will be heard at sentencing, and the Defendant has the burden by a preponderance of the evidence.

## II. Government's Objections

### A. Miscellaneous

The government objects to ¶¶ 32 (lack of adjustment for obstruction of justice), 35 (total offense level), 39 (no juvenile adjudications/contacts), and 74 (statutory range of imprisonment), stating that these paragraphs do not comply with the plea agreement. No bases for these objections was provided. The Court is unable to determine the matters to which the government intends to object, and these objections will be denied without prejudice.

### B. Drug Quantity

The government, in its supplemental objections, objects to ¶¶ 20 and 27, which relate to drug quantity. The objections to ¶¶ 20 and 27 are granted.

**CONCLUSION**

It appears that both parties have referred to the initial draft of the PSR. Initial drafts of a PSR are never provided to the Court. Paragraph numbers often change when the final, or revised, PSR is issued. By not referring to the final Revised PSR, and by not stating the bases for an objection, the Court is left to guess at the nature of the objection. In the future, the Court would appreciate references to the most recent version of the PSR provided to the Court.

IT IS ORDERED:

1. The Court's tentative findings are that the Defendant's objection (Filing No. 125) to ¶ 30 (lack of minor role adjustment) will be heard at sentencing;

2. The Court's tentative findings are that the Defendant's remaining objections (Filing No. 125) to the PSR are granted in part and denied in part as follows:

    a. the objection to ¶ 20 is granted;

    b. otherwise, the objections are denied;

3. The Court's tentative findings are that the government's objections (Filing Nos. 124, 128) to the PSR are granted in part and denied in part as follows:

    a. the objections to ¶¶ 20 and 27 are granted;

    b. otherwise, the objections are denied;

4. The parties are notified that my tentative findings are that the PSR is correct in all other respects;

5. If **any** party wishes to challenge these tentative findings, the party shall file, as soon as possible but in any event before sentencing, and serve upon opposing counsel

and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

6.  Absent submission of the information required by paragraph 5 of this order, my tentative findings may become final;

7.  Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing; and

8.  The Defendant's motion for variance (Filing No. 126) will be heard at sentencing.

DATED this 11th day of January, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge